Law Offices of
**MATHENY SEARS LINKERT & JAIME, LLP**
DOUGLAS A. SEARS, ESQ. (SBN 48646)
JEFFREY E. LEVINE, ESQ. (SBN 255862)
3638 American River Drive
Sacramento, California 95864
Telephone:   (916) 978-3434
Facsimile:   (916) 978-3430

Attorneys for Defendant, TECUMSEH PRODUCTS COMPANY dba VON WEISE USA, INC., fka FASCO INDUSTRIES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA CAPITAL INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FASCO INDUSTRIES, and DOES 1 through 20, inclusive,<br><br>　　　　　Defendant. | Case No.  2:14-cv-02425-TLN-EFB<br><br>**STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATIONS** |

## AGREED PROTECTIVE ORDER

WHEREAS the parties hereto have been and may be requested to produce or disclose through discovery certain materials and information, which they maintain is and contains privileged trade secrets, proprietary information, other confidential commercial information and/or financial or personal information;

AND WHEREAS other parties hereto, while not specifically conceding the privileged or confidential nature of said materials or the consequences of their public disclosure, are being permitted to inspect and obtain said materials and information for use in the course of this litigation;

1

**IT IS THEREFORE ORDERED** that:

1. All written materials produced or disclosed by Plaintiffs and Defendants during pretrial discovery in this action (including, but not limited to, disclosures made pursuant to the Federal Rules of Civil Procedure, answers to interrogatories, responses to requests for production, responses to requests for admission, deposition testimony and deposition exhibits) that are designated as "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" (hereinafter, "Protected Material") shall be revealed only as provided herein.

By entering this Agreed Protective Order, the Court does not intend to create any presumption with regard to the actual confidentiality of any material, or to alter the normal burden of proof necessary for obtaining a protective order from the Court.

2. This Agreed Protective Order is specifically designed to protect disclosure and unauthorized communications with regard to the information provided by the Plaintiff, CALIFORNIA CAPITAL INSURANCE COMPANY; and the Defendant, TECUMSEH PRODUCTS COMPANY dba VON WEISE USA, INC., fka FASCO INDUSTRIES, INC.; upon the request of Plaintiffs or Defendants. Any additional information to be included within the Agreed Protective Order should be introduced and contemplated by paragraph 3.

3. On the consent of all parties, additional documents, materials and information can be added. If a party contests the assertion that any protected material qualifies as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER", pursuant to this Agreed Protective Order, the contesting party shall notify in writing counsel for the producing or disclosing party and identify the material that is contested. Upon such written notification, the producing or disclosing party shall have fourteen (14) days to file a Motion for Protective Order with respect to the contested material. The confidentiality of the contested material shall be maintained in accordance with this Agreed Protective Order until and unless the Court rules that

the contested material is not entitled to such protection. As to any contested material for which a Motion for Protective Order is not made or the requested relief is denied, that material shall be deemed outside the scope of this Protective Order.

    4.    A party's attorney may distribute materials protected by this Agreed Protective Order or share information obtained from materials protected by this Agreed Protective Order with the following categories of persons and no others, except by further order of the Court:

    a.    any party in this action, and a party's current or former employees, directors, officers, or agents (i) who are actively engaged in assisting counsel with the prosecution or defense of this action; or (ii) who are being advised by counsel regarding this action, and the particular disclosure is reasonably necessary with regard to the legal advice being rendered;

    b.    counsel for any party to this action;

    c.    members of the legal or support staff of a party's counsel that are actually engaged in assisting counsel with the prosecution or defense of this action;

    d.    experts and consultants retained by a party's attorneys to assist in the evaluation, preparation or testimony in this case, after the attorneys have received a signed NON-DISCLOSURE AGREEMENT in the form of Exhibit "A", signed by the person receiving the material or information;

    e.    the Court, the Court's personnel, witnesses at trial and the jury;

    f.    a non-party witness at a deposition; such witness may be shown the protected document and examined on it, but such document and all testimony relating to such document shall be provided only to those persons otherwise entitled to such protected material pursuant to Paragraph 3(a) through 3(d) of this Order, and shall not be retained by such witness;

and

g.    the insurer of any party.

5.    Upon the exchange of trial exhibits if a party designates as a trial exhibit a document identified by another party as "CONFIDENTIAL" under this Protective Order, the party that designated the document as "CONFIDENTIAL" hereunder expressly reserves all rights to file an appropriate motion with the Court to seek adequate protections relating to the confidentiality of such document.  Upon the filing of such a motion, a party may not disclose or submit the "CONFIDENTIAL" exhibit at trial or otherwise until such motion is addressed by the Court.

6.    Unless ordered by the Court, no person or party shall disclose information within the scope of this order in response to a subpoena or other demand.  The producing or disclosing person or party shall assume responsibility for preserving and prosecuting any objection to the subpoena or demand.  The person or party served shall be obligated to cooperate to the extent necessary to preserve the confidentiality of the protected material until ruled upon by a court of competent jurisdiction.

7.    Production by any party of protected material that was not initially marked "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL," shall not constitute a waiver of its confidential nature.  Any such material and any copy made of it shall be returned to the producing party immediately upon their request for stamping by the producing party or stamped by the receiving party.  Production of protected material by any party at trial shall not constitute a waiver of the provisions of this Agreed Protective Order.

8.    The provisions of this order shall not terminate at the conclusion of this action.  After final conclusion of all aspects of this litigation, all originals and copies of material subject to this Protective Order that are in a party's possession shall be returned to the party or person

4

who produced the documents; or, to the extent documents contain confidential notes of the receiving party or attorney, they may be destroyed; or, with permission of the party or person who produced the documents, they may be destroyed. Counsel of record shall, upon written request, deliver written notice of compliance to the counsel for the party who produced the documents and made the written request within sixty (60) days after final termination of this litigation, indicating that the documents have either been returned or destroyed.

9.   This order may be modified by the Court *sua sponte*, or upon motion of the parties, for good cause shown.

10.   Deposition testimony shall be deemed "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" only if designated as such within 14 days of receipt of the transcript. Such designation shall be specific as to the portions of the transcript or any exhibit to be designated as "CONFIDENTIAL." Thereafter the deposition transcripts and any portions so designated shall be protected as "CONFIDENTIAL," pending objection, under the terms of this Order. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL" during the 14-day time period following receipt of the transcript.

11.   If "CONFIDENTIAL" documents are subpoenaed by a non-party for use in some other action, the disclosing party will be promptly notified so that it may take action to intervene or otherwise object to production of its documents.

IT IS SO ORDERED.

Dated: June 29, 2015.

_____
EDMUND F. BRENNAN
United States Magistrate Judge

Approved as to form and content:

Dated: June __, 2015          **MATHENY SEARS LINKERT & JAIME, LLP**

                              By: _signature on original_
                              JEFFREY E. LEVINE, ESQ., Attorneys
                              for Defendant, TECUMSEH PRODUCTS
                              COMPANY dba VON WEISE USA, INC.,
                              fka FASCO INDUSTRIES, INC.

Dated: June__, 2015           **CULBRETH SCHROEDER, LLP**

                              By: _signature on original_
                              WILLIAM LOSCOTOFF, ESQ., Attorneys
                              for Plaintiff CALIFORNIA CAPITAL
                              INSURANCE COMPANY

**EXHIBIT A**

**NON DISCLOSURE AGREEMENT**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

**CALIFORNIA CAPITAL INSURANCE COMPANY,
Plaintiff,
v.
FASCO INDUSTRIES, and DOES 1 through 20, inclusive,
Defendant.**

**Case No.  2:14-cv-02425-TLN-EFB**

I, _____, hereby acknowledge that I have read the terms and conditions of the Agreed Protective Order entered by the Court in the above-captioned matter on _____, understand the terms thereof, and consent to be bound by such terms. Further, by executing this Nondisclosure Agreement, I hereby consent to the jurisdiction of the above-captioned court for the limited purpose of enforcing the terms of the Stipulation and Protective Order and agree to not disclose "CONFIDENTIAL" information I receive solely from this case.

In the event of breach of this Agreement, I recognize that the aggrieved party may pursue all civil remedies, including contempt of court, available to it as a third-party beneficiary of this Agreement.

Signature: _____
Printed name: _____

Date: _____

*STIPULATION AND PROTECTIVE ORDER – CONFIDENTIAL DESIGNATIONS*